# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Xavier L. McCoy, #234419, | ) |
| Plaintiff, | ) |
| vs. | ) C.A. No.: 4:09-2269-PMD |
| Mr. Doctor Benjamin F. Lewis, | ) **ORDER** |
| Defendant. | ) |

This matter is before the court on Plaintiff Xavier L. McCoy's ("Plaintiff") Objections to the Report and Recommendation ("R&R") of a United States Magistrate Judge. Plaintiff originally filed this action pursuant to 42 U.S.C. § 1983 on August 28, 2009 alleging that Defendant violated his constitutional rights by displaying deliberate indifference to his medical needs. Although Plaintiff is currently incarcerated at McCormick Correctional Institution ("MCI"), he was incarcerated within Perry Correctional Institution ("PCI") at all times relevant to the allegations in his complaint.

On February 11, 2010, Defendant filed a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure along with a memorandum and exhibits in support of that motion. As Plaintiff is proceeding *pro se*, the court advised him on or about February 16, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), that failure to respond to Defendant's motion for summary judgment with additional evidence or counter affidavits could result in dismissal of his complaint. Plaintiff filed a response in opposition to Defendant's motion for summary judgment on March 26, 2010. Plaintiff also filed a motion for summary judgment on February 25, 2010, and a motion for preliminary injunction on January 27, 2010. Defendant filed a response in opposition to both of these motions. The matter was referred to a United States Magistrate Judge, who issued a R&R recommending that Defendant's motion for summary judgment

be granted and Plaintiff's motion for summary judgment be denied. Plaintiff filed Objections to the R&R on June 2, 2010. Having reviewed the entire record, including Plaintiff's Objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## **BACKGROUND**

Plaintiff is currently incarcerated at MCI, although the following events took place while he was incarcerated at PCI. Defendant submitted a copy of Plaintiff's medical records and his affidavit attesting that he is a physician employed by the South Carolina Department of Corrections ("SCDC") and is Board Certified in Family and Emergency Medicine. Lewis Aff. Defendant is responsible for overseeing the medical care of the inmates and providing for treatment when the medical situation necessitates. *Id.*

Plaintiff was admitted to SCDC custody on March 8, 2004, and first complained of stomach pain on September 26, 2006. *Id.* Plaintiff was approved for an ultrasound of his gallbladder on September 28, 2006, and pursuant to SCDC protocol, the appointment was made with Anderson Radiology. The ultrasound was performed on October 4, 2006, with negative results stating "Normal right upper quadrant ultrasound." *Id.* On October 6, 2006, Plaintiff reported to the doctor's clinic at PCI again complaining of right side pain for which two prescriptions, Levsin and Zantac, were approved. *Id.* On October 19, 2006, Plaintiff reported to sick call complaining of continued pain on his right side so that Defendant discontinued Levsin and prescribed Bentyl. *Id.* Plaintiff reported to the doctor's clinic at PCI on October 31, 2006, and admitted he was not taking his medications properly. *Id.* Plaintiff was scheduled for the first available appointment at the GI Clinic at Kirkland Correctional Institution due to his complaints of continued right sided pain. *Id.*

2

He was seen at the GI Clinic on January 31, 2007, at which time a colonoscopy was recommended. *Id.* The colonoscopy was approved on February 6, 2007, for the Columbia Gastrointestinal Endoscopy Center and scheduled for the first appointment on March 6, 2007. *Id.* The colonoscopy report was unremarkable except for the notation of small grade 1 internal hemorrhoids. *Id.* After Plaintiff continued to complain of pain in his right side, he was scheduled for an Intravenous Pyelogram ("IVP") at Kirkland on March 13, 2007, and scheduled for the first available appointment on March 30, 2007. Plaintiff was scheduled to have lab work done on March 20, 2007, in preparation for the procedure, but Plaintiff refused to allow the nursing staff at PCI to draw his blood. *Id.* The IVP could not be completed on March 30, 2007, because Plaintiff had eaten that morning. However, a scout film was taken in anticipation of his rescheduled appointment for the IVP, and it showed Plaintiff's internal gas pattern to be unremarkable. *Id.* On April 13, 2007, the IVP was completed, and the results were "unremarkable." *Id.* Plaintiff admitted to one of the nurses during an exam on April 14, 2007 that he had the same symptoms prior to his incarceration but did not seek medical treatment. *Id.*

Due to continued complaints of pain in his right side, Defendant saw Plaintiff on April 19, 2007 and explained to him that his colonoscopy in March 2007, the ultrasound in October 2006, all the lab work for blood in the urine, and his IVP in April had all been negative. *Id.* Due to continued complaints with no objective findings, Defendant scheduled Plaintiff for another appointment at the Gastrointestinal Clinic at Kirkland which was approved on April 23, 2007, and the appointment scheduled for May 29, 2007. Due to Plaintiff receiving disciplinary charges in the interim and his security status changed requiring that he be transported alone, the appointment had to be rescheduled from May 29, 2007 to June 12, 2007. *Id.* The GI Clinic recommended that a CT scan with and

without contrast of the abdomen and pelvis be scheduled and that he receive Naproxen two times a day for two weeks and to return to the GI Clinic in four weeks. Plaintiff received the CT scan at Anderson Radiology on June 6, 2007 with negative results. *Id.* Upon his return visit to the GI Clinic at Kirkland, it was recommended that Plaintiff receive an Esophagogastroduodenoscopy ("EGD"), 1 tsp of Metamucil in 8 ounces of water daily, and a new mattress pad. *Id.* The first available appointment for the EGD was October 26, 2007. *Id.* On September 23, 2007, Plaintiff's cell was searched and SCDC officers found 50 Bentyl tablets which the officers reported to medical on September 24, 2007. The Bentyl prescription was discontinued on September 25, 2007. *Id.* On September 27, 2007, Defendant saw Plaintiff in the doctor's clinic at PCI, and Plaintiff requested that he be placed back on Bentyl. *Id.* However, after a review of his chart and the fact that he was hoarding said medication, Defendant did not feel Bentyl was medically necessary at the time. *Id.* Further, none of the recommendations from the Kirkland GI Clinic included a recommendation that Plaintiff continue taking Bentyl. *Id.*

Plaintiff had the EGD at Columbia Gastrointestinal Endoscopy Center on October 12, 2007, and the report revealed normal esophagus, normal stomach, and normal duodenum. The report recommended Plaintiff follow up with a physician as needed and recommended 20 mg of Bentyl. The physician also noted that "I do not believe this is functional disease." *Id.* As a result of the EGD Report, Plaintiff began receiving Bentyl again. *Id.* On October 26, 2007, Plaintiff was seen by Dr. Sonny Parks at the Doctor's Clinic at PCI and requested that his Bentyl be increased. Dr. Parks increased it from 20 mg to 40 mg three times per day. *Id.* After complaining of chest pain on December 11, 2007, Plaintiff received a chest CT on January 3, 2008, and the results were negative. On January 16, 2008, Plaintiff saw Dr. Parks and demanded endoscopies again because

4

he believed that something had been missed by all the tests. *Id.* Dr. Parks refused to order repeat endoscopies because he did not feel it medically necessary given the location of the pain and because the tests had been recently performed and had upset Plaintiff. *Id.*

Plaintiff was transferred from PCI to MCI on February 7, 2008 and was no longer seen or followed by Defendant. *Id.* The SCDC records reveal that Plaintiff began receiving liquid Bentyl as opposed to tablets at MCI. The records reveal that Plaintiff reported to sick call at MCI seeking a renewal of Bentyl on February 20, 2008, but it was no longer in the SCDC formulary to be dispensed due to the abuse of Bentyl by inmates. *Id.*

Defendant attests that taking Plaintiff off the Bentyl did not cause him to have any adverse medical consequences, and that he and the staff at the SCDC ordered every possible test in an attempt to find out why Plaintiff continued to complain of stomach pain. *Id.*

## STANDARD OF REVIEW

### A. Legal Standard for Summary Judgment

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990). Summary judgment

is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327.

**B.     Magistrate Judge's R&R**

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within fourteen days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id.*

## ANALYSIS

Plaintiff claims that his constitutional rights were violated due to a deliberate indifference to his medical needs on September 27, 2007, when Defendant took him off his prescription of Bentyl. Complaint, p. 4. He alleges that he has chronic and serious pain in his stomach and that Defendant has been indifferent to his needs. *Id.* at p. 3. He further alleges that Defendant intentionally denied him access to additional treatment concerning his stomach. *Id.*

The Magistrate judge held that Plaintiff has provided no evidence to support a claim for deliberate indifference to his medical needs. R&R, p. 7. The Magistrate Judge cited to *Estelle v. Gamble,* 429 U.S. 97(1976), in which the court concluded that "deliberate indifference to serious medical needs of a prisoner constitutes the 'unnecessary and wanton infliction of pain,' prescribed

6

by the Eighth Amendment . . . deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle,* 429 U.S. at 103-05 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). However, the court was careful to note that "an inadvertent failure to provide adequate medical care" does not meet the standard necessary to be an Eighth Amendment violation. *Estelle* at 107. "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id*. The Magistrate Judge found that in order to establish deliberate indifference, the treatment "'must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, . . . nevertheless, mere negligence or malpractice does not violate the Eighth Amendment.'" R&R, p. 8 (quoting *Miltier v. Beorn,* 896 F.2d 848, 851 (4th Cir. 1990)). Incorrect medical treatment, such as an incorrect diagnosis, is not actionable under § 1983. *Estelle* at 107. The Magistrate Judge also notes that § 1983 does not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago Cty. Dep't of Soc. Servs*, 489 U.S. 189, 200-03 (1989). The Magistrate Judge noted that "although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). "Although the provision of medical care by prison officials is not discretionary, the type and amount of medical care is discretionary." R&R, p. 9 (*citing Brown v. Thompson*, 868 F. Supp. 326 (S.D. Ga. 1994)). Further, a disagreement regarding the proper treatment to be received does not in and of itself state a constitutional violation. See *Smart v. Villar*, 547 F.2d 112 (10th Cir. 1976); *Lamb v. Maschner*, 633 F. Supp. 351, 353 (D.Kan. 1986). The Magistrate Judge noted that even if Plaintiff's allegations were true, Plaintiff has shown nothing more than a disagreement with the medical treatment

7

provided, not that he was completely denied medical treatment. R&R, p. 10. Plaintiff has also failed to put forth any allegation or evidence that he received anything other than *de minis* injury. *Id.* Additionally, Plaintiff has failed to show that he had a serious medical need of which Defendant knew about and consciously ignored. *Id.* The Magistrate Judge found that Plaintiff has not shown that any conduct by Defendant "shocks the conscience" as required by *Miltier v. Beorn*, 896 F.2d 848. *Id.* Based on the evidence presented, the Magistrate Judge found that there had been no deliberate indifference shown to the overall medical needs of Plaintiff by Defendant in this case. Therefore, the Magistrate Judge recommended granting summary judgment in favor of Defendant on this issue.

Plaintiff objects to the Magistrate Judge's finding with respect to his medical indifference claim. He argues that Defendant lied about him getting charged for hoarding his medication, knowing and even admitting that he stopped Plaintiff's medication for no reason. Objection, p. 5. Plaintiff also objects that Defendant failed to respond reasonably to his serious medical needs, which proves deliberate indifference under the rule in *Estelle*. *Id.* He states that he has shown facts sufficient to support his claim and that he has two witnesses that need to be brought forward for questioning. *Id.* He argues that although Defendant keeps bringing up dates of treatment from the previous three to five years that show no positive results of any serious physical condition, the court should consider the fact that he is still in pain. *Id.*

The court finds Plaintiff's objections to be without merit. The court agrees with the Magistrate Judge that Plaintiff has not provided any evidence that would support a claim for deliberate indifference to medical needs. As noted by the Magistrate Judge, Plaintiff was examined on numerous occasions by the medical personnel at SCDC and by outside specialists, provided

8

medication, given x-rays, a CT scan, an IVP, a colonoscopy, and an EGD, and had his medical needs attended. Additionally, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. *Estelle,* 429 U.S. at 107. In Plaintiff's objections, he argues that Defendant lied about Plaintiff getting charged with hoarding his medication as a reason for discontinuing Plaintiff's medication, even after admitting that he discontinued it for no reason. However, Plaintiff has presented no evidence to support this accusation. Even if Defendant had discontinued the medication for no reason, Plaintiff still received numerous other forms of treatment and has no claim for medical indifference. Despite Plaintiff's contentions otherwise, Defendant responded reasonably to Plaintiff's medical needs by seeing Plaintiff on numerous occasions, prescribing him medication, and referring him to other specialists for treatment. Plaintiff also states that he has two witnesses that need to be brought forward for questioning. However, he does not state how they might help his case, and therefore, he has not met his burden of proving the existence of an essential element to his case. Plaintiff's argument that his current pain should still be considered despite evidence of consistently negative test results is ineffective because Plaintiff offers no evidence that would show that his medical treatment was "so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier*, 896 F.2d at 851. Thus, the court agrees with the Magistrate's R&R that Plaintiff has failed to make a showing sufficient to establish an Eighth Amendment claim for deliberate indifference to medical needs.

Plaintiff also has filed a motion for preliminary injunction seeking to require MCI to provide him with legal materials, including pens, paper, and envelopes. The Magistrate Judge first noted that Defendant is the only defendant in this case that is not responsible for distribution of legal

9

materials. R&R, p. 14. The Magistrate then noted that Plaintiff has not shown any harm, and that the docket report reveals that Plaintiff has filed numerous documents and motions. *Id.* The Magistrate cited *Winter v. Natural Resources Defense Council, Inc.*, --- U.S. ---, 129 S.Ct. 365, 374 (2008), which states that "a plaintiff seeking preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." The Magistrate found that Plaintiff failed to meet all four requirements because he simply asked the court to issue an injunction without providing any legal basis for doing so. R&R, p. 15. Thus, the Magistrate Judge recommended that Plaintiff's motion for preliminary injunction be denied.

Plaintiff objects to the Magistrate's R&R with regard to his motion for preliminary injunction. He emphasizes that he is not asking the prison, but instead asking the judge to provide him with legal materials. Objection, p. 6. He claims that the prison had not had pens in four to six months and that he could not order pens from the canteen. *Id.* Plaintiff also argues that the only reason he isn't showing any harm from this deprivation of legal materials was because he refused to get "behind." *Id.*

The court finds Plaintiff's objections to be without merit. The fact that Plaintiff is asking for pens from the judge instead of the prison is irrelevant. Plaintiff admits that he has not suffered harm from this alleged deprivation of legal materials, which proves that he has failed to meet the requirements of *Winter*. If Plaintiff found a way to have access to pens and legal materials, despite this alleged deprivation of legal materials, then he has not suffered the requisite harm to satisfy the rule in *Winter*. Therefore, the court agrees with the Magistrate Judge's finding on this issue and adopts and incorporates the R&R's analysis of this issue into this Order.

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** that Defendants' Motion for Summary Judgment is **GRANTED** and that Plaintiff's Motion for Summary Judgment is **DENIED**.

The court further **ORDERS** that Plaintiff's Motion for Preliminary Injunction is **DENIED** and all other outstanding motions are deemed **MOOT.**

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**August 9, 2010**
**Charleston, SC**

NOTICE OF APPEAL
Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.